UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL LYNN PARENT,<br><br>                 Plaintiff,<br><br> -vs-<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,[1]<br><br>                 Defendant. | NO.   CV-11-0444-WFN<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-Motions for Summary Judgment (ECF Nos. 12 and 14). Attorney Rebecca Coufal represents Plaintiff Crystal Parent; Special Assistant United States Attorney Leisa Wolf represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Plaintiff's Motion for Summary Judgment, **GRANTS** Defendant's Motion for Summary Judgment, and directs entry of judgment for the Defendant.

## BACKGROUND

Plaintiff filed an application for Supplemental Security Income (SSI) on March 30, 2009. She alleged she became unable to work beginning March 30, 2009. A hearing was

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

held before Administrative Law Judge (ALJ) Marie Palachuk on August 4, 2010. During the hearing, Plaintiff, who was not represented by counsel, testified as did Daniel Wiseman, M.D., an impartial medical expert; Jay Toews, E.Ed., an impartial expert in clinical psychology; and, Sharon Welter, an impartial vocational expert. A decision was issued on October 29, 2010, finding Plaintiff not disabled. Plaintiff requested review by the Appeals Council, which on October 21, 2011, issued a decision affirming the ALJ's decision. This appeal followed. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

*Id.*

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal

standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 27 years old at the time she filed her application. She has a high school education and has previously worked as a nurse assistant. At the time of the hearing before the ALJ, Plaintiff was 10 credits shy of an AA degree and was four to six weeks from completing a Medical Assisting degree. TR 53-4. Since the alleged onset

1  date, Plaintiff has been unable to sustain competitive employment on a regular and
2  continuing basis due to a combination of impairments.

## ADMINISTRATIVE DECISION

4  At step one, the ALJ determined that Plaintiff did not engage in substantial
5  gainful activity since March 30, 2009. At step two, the ALJ found Plaintiff had severe
6  impairments of probable irritable bowel syndrome; polycystic ovary syndrome (PCOS);
7  congenital pseudoarthrosis, bilateral, first ribs; and depressive disorder (20 CFR 416.920(c)).
8  The ALJ found that Plaintiff's "migraine" headaches and obstructive airway disease were not
9  severe impairments. At step three, the ALJ found that Plaintiff did not have an impairment
10 or combination of impairments that met or medically equaled any of the listed impairments
11 described at 20 C.F.R. Part 404, Subpart P, Appendix 1(20 CFR 404.1520(d), 404.1525,
12 404.1526).

13 At step four, the ALJ found that Plaintiff had the residual functional capacity to
14 perform light work as defined in 20 CFR 416.967(b).

> She would be able to perform work that would not involve lifting and/or carrying more than 20 pounds occasionally or more than 10 pounds frequently; sitting, standing and/or walking for more than a total of 6 hours in an 8-hour workday; more than occasional climbing of ramps/stairs, ladders, ropes or scaffolds; more than frequent balancing; more than occasional stooping, kneeling, crouching or crawling; any concentrated exposure to vibration and hazards such as unprotected heights and dangerous machinery; any work schedule other than an altered work schedule beginning after the noon hours as in a swing or night shift; any work with the public and/or coworkers requiring a cooperative nature.

21 Tr. 17. Notably, the ALJ found that Plaintiff's medically determinable impairments could
22 reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements
23 concerning the intensity, persistence and limiting effects of these symptoms were not credible
24 to the extent that they are inconsistent with the residual functional capacity assessment.

## ISSUES FOR REVIEW

26 The Plaintiff presents the following issues with respect to the ALJ's findings:

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

1. Did the ALJ fully and fairly develop the record for the unrepresented Plaintiff?

2. Did the ALJ err by failing to find a severe pain disorder and severe headache impairment?

**1. Did the ALJ fully and fairly develop the record for the unrepresented Plaintiff?**

Plaintiff contends that the ALJ failed to fully and fairly develop the record, particularly given the fact that Plaintiff was unrepresented. *Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005). Specifically, Plaintiff argues that the ALJ "made much" of Plaintiff's failure to get additional medical testing by specialists when Plaintiff was unable to afford such tests. Additionally, Plaintiff claims that the ALJ erred by failing to seek additional medical records.

Defendant responds that the ALJ's duty to further develop the record is triggered only when there is ambiguous evidence or when the record prevents adequate evaluation of the evidence. Defendant argues that the evidence was neither ambiguous nor inadequate. Rather, Dr. Wiseman's expert medical testimony included a statement that Plaintiff's personal physician and gastroenterologist "evaluated . . . [Plaintiff's] pain with great detail and have done a whole series of studies related to liver, gall bladder, upper and lower bowel diseases." TR 41. Plaintiff's doctors diagnosed Plaintiff with irritable bowel syndrome only after considering "various other disorders" that they "tested for but did not find any evidence of [them]." *Id.* Defendant also states that Dr. Wiseman addressed Plaintiff's depression and concluded that there were no specific functional limitations.

Plaintiff relies on *Webb* for her position. However, the facts of *Webb* are substantially different from this case. In *Webb*, the ALJ only reached step two of the sequential process before dismissing the plaintiff's claim. Step two is a *de minimis* screening device for groundless claims. At this step, an "ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (internal

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 5

citations and quotations omitted).  Also in *Webb*, the ALJ did not use an impartial medical expert.  In contrast, in the current case the ALJ address all five steps and sought the testimony of an impartial medical expert, an impartial expert in clinical psychology, and an impartial vocational expert.  Further, the Court notes that when the impartial expert in clinical psychology recommended expanding the record by further testing, the ALJ did so (TR 48-53).  Plaintiff was referred to James E Bailey, Ph.D., a clinical psychologist, and additional testing was completed.

Addressing Plaintiff's argument that the ALJ erred by considering Plaintiff's failure to follow-up with additional treatment: this argument is foreclosed by the Social Security ruling cited by the ALJ: SR 82-59.

> Justifiable Cause for Failure to Follow Prescribed Treatment
>
> Under circumstances such as those described below, an individual's failure to follow prescribed treatment will be generally accepted as "justifiable" and, therefore, such "failure" would not preclude a finding of "disability" or that disability continues.
>
> 4. The individual is unable to afford prescribed treatment which he or she is willing to accept, but for which free community resources are unavailable. Although a free or subsidized source of treatment is often available, the claim may be allowed where such treatment is not reasonably available in the local community. All possible resources (e.g., clinics, charitable and public assistance agencies, etc.), must be explored. Contacts with such resources and the claimant's financial circumstances must be documented. Where treatment is not available, the case will be referred to VR.

*Id.*  As discussed by the ALJ, the Plaintiff did not submit convincing evidence that she explored her community resources.  The Court concludes that the ALJ fully and fairly developed the record and the evidence was more than adequate to make a determination regarding Plaintiff's disability.

**2. Did the ALJ err by failing to find a severe pain disorder and severe headache impairment?**

Plaintiff also contends that the ALJ erred by failing to find severe impairments of pain disorder and headaches. In support of her argument that her pain disorder is severe, Plaintiff

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 6

notes that Dr. Arnold diagnosed her with a pain disorder. However, Dr. Arnold also concluded that Plaintiff's pain disorder was connected to her depression, which was "suspect and embellished." TR 309. Similarly, as noted by the ALJ, Dr. Bailey found Plaintiff's test score on the Structured Inventory for Malingered Symptoms to be "significantly elevated above the recommended cutoff score for identification of suspected malingering." (TR 480). Additionally, some of Plaintiff's validity scales on the Minnesota Multiphasic Personality Inventory II indicated "the likelihood of faking bad, exaggerated symptoms." *Id.* The Court finds no error with the ALJ's finding that Plaintiff's pain disorder is not severe.

In support of her argument that her headaches are severe, Plaintiff merely notes her testimony that she saw her doctor about them and they were addressed by her doctor. Plaintiff also notes that additional documentation was added to the record after the ALJ's decision in support of severe headache impairment. This evidence was considered by the Appeals Council before it denied Plaintiff's appeal. As the Defendant points out, the additional evidence does not relate to the period on or before the date of the ALJ's decision. Further, the Court concludes that the records do not provide any specific functional limitations. In sum, Plaintiff fails to show that the ALJ's opinion was not based on substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence, is not based on legal error, and any potential errors are harmless. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, filed June 11, 2012, **ECF No. 12**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, filed July 30, 2012, **ECF No. 14**, is **GRANTED.**

1  The District Court Executive is directed to file this Order and provide copies to
2  counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED.**
3      **DATED** this 17th day of July, 2013.
4
5                                    s/ Wm. Fremming Nielsen
                                    WM. FREMMING NIELSEN
6  07-15-13                     SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8